**Robert ORUJYAN; Lida Harutyunyan, Petitioners,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 04–76307.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 23, 2008.

Filed March 11, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.

Garbis N. Etmekjian, Etmekjian Law Offices, Vahan Yepremyan, Law Offices of Yepremyan & Associates, Glendale, CA, for Petitioners.

Robert Orujyan, Burbank, CA, pro se.

Lida Harutyunyan, Burbank, CA, pro se.

Scott Eltringham, Esquire, Joanne E. Johnson, Esquire, Sarah Maloney, Office of Immigration Litigation, U.S. Dept. of Justice, Allen Warren Hausman, Esquire, Senior Litigation Counsel, Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON and N.R. SMITH, Circuit Judges, and COLLINS *, District Judge.

## MEMORANDUM **

Robert Orujyan, a native and citizen of Armenia, petitions for review of the decision by an Immigration Judge ("IJ"), affirmed by the Board of Immigration Appeals ("BIA") without opinion, denying his application for asylum and withholding of removal.[1] We grant the petition.

1. We review Orujyan's adverse credibility argument under the substantial evidence standard. *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir.2007). The IJ primarily based her adverse credibility finding on her determination that several inconsistencies existed between Orujyan's testimony before the IJ and his asylum application and written declaration submitted with his application. We find that the inconsistencies do not provide substantial evidence to support an adverse credibility determination, because the discrepancies were most likely due to problems Orujyan had with his translator in creating both his asylum application and declaration. Furthermore, Orujyan's attorney admittedly did not review the application (written in English) with Orujyan in the Armenian language prior to Orujyan's hearing before the IJ. The IJ unfortunately never considered or addressed these reasons for the discrepancies. *See Singh v. Gonzales*, 439 F.3d 1100, 1105–06 (9th Cir.2006) (holding that "an adverse credibility finding is improper when an IJ fails to address a petitioner's explanation for a discrepancy or inconsistency") (quoting *Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir.2004)). Additionally, some of the discrepancies were minor, and did not relate to the basis of Orujyan's fear of persecution. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003).

The IJ also based her adverse credibility finding on personal speculation, an inappropriate basis for an adverse credibility

---

\* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The IJ also denied Orujyan's petition for protection under the Convention Against Torture, but Orujyan did not appeal this determination.

finding. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000).

2. We review the IJ's determination that Orujyan "failed to sustain his burden of proof in regard to any of the elements of the [asylum and withholding of removal] claims" under a substantial evidence standard. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997); *Ahmed v. Keisler*, 504 F.3d 1183, 1200 (9th Cir.2007). Because the IJ did not point to *any* factual evidence to support this finding, we reverse this holding. *See Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001) (holding that an IJ's findings on the merits of claims of asylum and withholding of removal must be substantiated with "reasonable, substantial and probative evidence in the record"). We remand for proceedings consistent with this disposition.

PETITION GRANTED.